UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| LOUIS G. RASETTA and JOHN J. SHAUGHNESSY, as they are TRUSTEES, INTERNATIONAL UNION OF OPERATING ENGINEERS LOCAL 4 HEALTH AND WELFARE, PENSION AND ANNUITY FUNDS, and LOUIS G. RASETTA and CHRISTOPHER BARLETTA, as they are TRUSTEES, HOISTING AND PORTABLE ENGINEERS LOCAL 4 APPRENTICE AND TRAINING FUNDS and INTERNATIONAL UNION OF OPERATING ENGINEERS, LOCAL 4, Plaintiffs<br><br>vs.<br><br>TRAVELERS CASUALTY AND SURETY COMPANY OF AMERICA, Defendant | C.A. No. 04-12324 EFH |

## AFFIDAVIT OF ANNE R. SILLS

1. My name is Anne R. Sills. I am an attorney with the law firm of Segal, Roitman & Coleman, and I represent the International Union of Operating Engineers Local 4 Trust Funds ("Funds") in the above-captioned matter.

2. I timely filed notice of the Funds' claim for contributions owed against the labor and material payment bond on the Academy Homes project with Defendant Travelers Casualty and Surety Company of America ("Travelers") on December 9, 2003 and with Peabody Construction Co. ("Peabody") on December 24, 2003. The amount claimed, $65,927.41, increased over subsequent months as relevant payroll information was received.

3. The Funds rely on other parties to receive relevant payroll information. Employers have complete control over the certified payroll records on which hours worked and contributions owed are recorded. Thus, the Funds rely on whatever certified payroll records they

can obtain through Freedom of Information Act ("FOIA") requests plus remittance reports and payroll records submitted by the employees themselves to ascertain the amounts owed.

4. The Funds' bond claim notice letters informed the Defendant that the amount claimed as of the date of the letters did not include all contributions owed. Specifically, the notices stated that the amount claimed did not include contributions owed for the week of September 26, 2003 or for work performed after October 25, 2003, as those records were missing.

5. Between February and April, 2004, using an FOIA request, the Funds obtained certified payroll records submitted by ODF for the period October 25, 2003 forward. Based on these new records, the Funds revised their claim and provided notice to Travelers via certified letter dated March 5, 2004 of their revised claim in the amount of $87,742.17, representing contributions owed through December 27, 2003. Peabody vice president Steven F. Cirbee was copied on the March 5, 2004 letter.

6. The Funds had still not received an Affidavit of Claim form from Travelers by the time of their March 5, 2004 letter to the surety.

7. The Affidavit of Claim form was received soon thereafter, and on March 23, 2004 the Funds submitted the completed form to Travelers.

8. The Funds subsequently received payroll records from former ODF employees demonstrating additional hours worked through January 10, 2004. Adding the contributions owed for those hours, and for hours owed for January and February, 2003 which were not included in the initial claim, the Funds determined that Travelers owed a total of $108,539.49 in delinquent contributions for the period January, 2003 through January, 2004, including annuity payments to workers' individual accounts.

9. The Funds had not received a response from Travelers regarding their Affidavit of Claim as of November 1, 2004, and they decided to file the above-captioned suit at that time, claiming $108,539.49 in contributions owed. This suit was filed, in part, because the Funds' trustees have a fiduciary obligation under the Employee Retirement Income Security Act of 1974 to collect all contributions and interest owed.

10. Travelers was properly served with a Complaint and Summons by the Funds on December 9, 2004, and no answer or responsive pleading had been received as of January 27, 2005.

11. On or about December 17, 2004, the Funds' counsel received three (3) checks from the U.S. Department of Labor ("DOL") totaling $108,780.81, in satisfaction of claims brought under the Davis-Bacon Act against Peabody on the Academy Homes job. The Funds' claim was correctly paid. However, the two claims filed by the Funds' counsel for another client were incorrect and returned to the DOL. They were later reissued in January, 2005 in the amounts of $23,018.63 and $17,327.25. The $77,633.16 that was withheld from Peabody as a result of the Funds' Davis-Bacon Act claim was only a partial payment of the amount owed the Funds, leaving an outstanding liability of $30,906.33 in contributions owed, plus interest, fees, and costs.

12. During the period of time between December 9, 2004 and January 25, 2005 – 47 days – I did not receive any communication of any sort from the Defendant regarding the Complaint and Summons that had been properly served upon it.

13. Finally, on the morning of January 25, 2005, Defendant's attorney Myles C. Beltram called and told me that he had just that day been informed of the Funds' suit against his client.

14. During the January 25, 2005 telephone call, I indicated a willingness to grant the Defendant an extension of time to answer. The length of time was never discussed. However, I told Attorney Beltram that I would only grant the extension of time if he would investigate and provide me with some response to two claims I had been handling involving the same client of Attorney Beltram's office – Peabody Construction Co.

15. I made this conditional offer because Peabody, which I had attempted to contact on numerous occasions prior to learning inadvertently that it was being represented by Attorney Beltram's office, had been as unresponsive to my telephone calls and letters regarding these two other cases as it and Attorney Beltram's office had been to the matter at hand.

16. Attorney Bertram assured me that he would respond to me later in the afternoon on the same day, January 25, 2005.

17. However, Attorney Beltram failed to call back that day, as he had promised. He also failed to call back the next day, and never returned the call I placed to him the next day.

18. On the following day, January 27, 2005, I filed the Verified Request to Enter Default.

SIGNED UNDER THE PAINS AND PENALTIES OF PERJURY THIS 18th DAY OF FEBRUARY, 2005.

/s/ Anne R. Sills
Anne R. Sills, Esquire

### CERTIFICATE OF SERVICE

I hereby certify that a copy of the above Affidavit of Anne R. Sills has been served by first class mail upon Defendant's counsel, Myles C. Beltram, Esquire at Domestico, Lane & McNamara, LLP, 161 Worcester Road, Framingham, MA 01701 this 18th day of February, 2005.

/s/ Gregory A. Geiman
Gregory A. Geiman, Esquire

GAG/gag&ts
ARS 3118 03-391/affsills.doc