UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

FILED
CLERKS OFFICE
2005 FEB 29  P 1:52
U.S. DISTRICT COURT
DISTRICT OF MASS

| | |
|---|---|
| LOUIS G. RASETTA and JOHN J. SHAUGHNESSY, as they are TRUSTEES, INTERNATIONAL UNION OF OPERATING ENGINEERS LOCAL 4 HEALTH AND WELFARE, PENSION AND ANNUITY FUNDS, and LOUIS G. RASETTA and CHRISTOPHER BARLETTA, as they are TRUSTEES, HOISTING AND PORTABLE ENGINEERS LOCAL 4 APPRENTICE AND TRAINING FUNDS and INTERNATIONAL UNION OF OPERATING ENGINEERS, LOCAL 4<br>　　　　Plaintiff,<br>v.<br><br>TRAVELERS CASUALTY AND SURETY COMPANY OF AMERICA,<br><br>　　　　Defendant. | C.A. NO. 04-12324EFH |

## ANSWER OF TRAVELERS CASUALTY AND SURETY COMPANY OF AMERICA

Defendant, Travelers Casualty and Surety Company of America ("Travelers") answers Plaintiff's, Trustees of the International Union of Operating Engineers Local 4 Health and Welfare, Pension and Annuity Funds, et al ("I.U.O.E. Local 4"), Complaint, paragraph by paragraph, as follows:

### COUNT I

1. The allegations set forth in paragraph 1 of the Complaint are a characterization of the Complaint to which no response is required. To the extent a response is required, Travelers is

1

without knowledge or information sufficient to form a belief as to the truth of the allegations set for in paragraph 1 of the Complaint.

2. The allegations set for in paragraph 2 of the Complaint call for a legal conclusion to which no response is required.

3. Travelers is without knowledge or information sufficient to form a belief as to the truth of the allegations set for in paragraph 3 of the Complaint.

4. Travelers is without knowledge or information sufficient to form a belief as to the truth of the allegations set for in paragraph 4 of the Complaint.

5. Travelers is without knowledge or information sufficient to form a belief as to the truth of the allegations set for in paragraph 5 of the Complaint.

6. Travelers is without knowledge or information sufficient to form a belief as to the truth of the allegations set for in paragraph 6 of the Complaint.

7. The allegations set for in paragraph 7 of the Complaint call for a legal conclusion to which no response is required.

8. Travelers is without knowledge or information sufficient to form a belief as to the truth of the allegations set for in paragraph 8 of the Complaint.

9. Travelers admits the allegations set forth in paragraph 9 of the Complaint.

10. Travelers admits that the Joint Venture entered into a contract with the Massachusetts Housing Finance Agency on a construction project known as Academy Homes II, Boston, Massachusetts. Travelers admits that it issued a Labor and Material Payment Bond. The terms of the bond speak for themselves. Any remaining allegations in paragraph 10 of the Complaint are denied.

11. Travelers admits that the Joint Venture entered into a subcontract with ODF.

12. Travelers is without knowledge or information sufficient to form a belief as to the truth of the allegations set for in paragraph 12 of the Complaint.

13. The allegations set forth in paragraph 13 of the Complaint call for a legal conclusion to which no responsive pleading is required. To the extent a response is required, Travelers is without knowledge or information sufficient to form a belief as to the truth of the allegations set for in paragraph 13 of the Complaint.

14. Travelers is without knowledge or information sufficient to form a belief as to the truth of the allegations set for in paragraph 14 of the Complaint.

15. Travelers is without knowledge or information sufficient to form a belief as to the truth of the allegations set for in paragraph 16 of the Complaint.

## COUNT I

16. Travelers incorporates by reference its answers to paragraphs 1 through 15 above as though fully set forth herein.

17. Travelers is without knowledge or information sufficient to form a belief as to the truth of the allegations set for in paragraph 17 of the Complaint.

18. Travelers is without knowledge or information sufficient to form a belief as to the truth of the allegations set for in paragraph 18 of the Complaint.

19. Travelers admits that it received correspondence dated December 9 and 24, 2003. The correspondence speaks for itself. Travelers denies the remaining allegations in set forth in paragraph 19 of the Complaint.

20. Travelers is without knowledge or information sufficient to form a belief as to the truth of the allegations set for in paragraph 20 of the Complaint.

21. Travelers admits that it received correspondence dated March 5, 2004. The correspondence speaks for itself. Travelers denies the remaining allegations in set forth in paragraph 21 of the Complaint.

22. Travelers denies the allegations set forth in paragraph 22 of the Complaint.

23.. Travelers denies the allegations set forth in paragraph 23 of the Complaint.

24. . Travelers denies the allegations set forth in paragraph 24 of the Complaint.

### FIRST AFFIRMATIVE DEFENSE

I.O.U.E. Local 4's Complaint against Travelers fails to state a claim upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

Any damages alleged by I.O.U.E. Local 4 result from the acts and/or omissions of third parties over whom Travelers has no control.

### THIRD AFFIRMATIVE DEFENSE

I.O.U.E. Local 4 has failed to comply with U.S.C. §270b.

### FOURTH AFFIRMATIVE DEFENSE

I.O.U.E. Local 4 has failed to comply with the terms of the bond.

### FIFTH AFFIRMATIVE DEFENSE

I.O.U.E. Local 4's Complaint is barred by the doctrines of Estoppel and Laches.

### SIXTH AFFIRMATIVE DEFENSE

I.O.U.E. Local 4's Complaint is barred by the applicable statute of limitations.

### SEVENTH AFFIRMATIVE DEFENSE

Travelers asserts all defenses asserted by or available to Joint Venture.

WHEREFORE, Defendant Travelers Casualty and Surety Company of America prays that Plaintiff's, Trustees of the International Union of Operating Engineers Local 4 Health and Welfare, Pension and Annuity Funds, et al, Complaint be dismissed, with prejudice.

Respectfully submitted,
Travelers Casualty and
Surety Company of America.
By its attorneys,

_____
John J. McNamara
BBO No. 557882
Myles C. Beltram
BBO No. 628339
Domestico, Lane & McNamara, LLP
161 Worcester Road
Framingham, MA  01701
(508) 626-9000

Dated: ____2/28/05____

CERTIFICATE OF SERVICE

I, Myles C. Beltram, hereby certify that the foregoing was served via first class mail, postage prepaid, upon Anne R. Sills, Segal, Roitman & Coleman, 11 Beacon Street, Boston, MA 02108 on this ___ day of February, 2005.

Myles C. Beltram